UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GABRIEL HALE                                    CIVIL ACTION NO. 25-cv-922

VERSUS                                          JUDGE EDWARDS

PIPELINE VIDEO INSPECTION, LLC, ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendants Pipeline Video Inspection, LLC and Frank Marchio removed this case based on an assertion of diversity jurisdiction, which puts the burden on them to establish complete diversity of citizenship and an amount in controversy in excess of $75,000. Plaintiff represented in his diversity jurisdiction disclosure statement that he is a citizen of Louisiana, and his petition alleges that the amount in controversy exceeds the amount required for diversity jurisdiction.

Defendants filed a Diversity Jurisdiction Disclosure Statement that alleged that Mr. Marchio is a citizen of Texas. The statement also set forth in some detail facts relevant to the citizenship of Pipeline Video Inspection, LLC, but for the reasons explained below more information is needed if the removing defendants are to meet their burden of establishing diversity and keep this case in federal court.

Pipeline Video states that it is an LLC whose sole member is another LLC, whose sole members are a corporation (incorporated in Delaware with its principal place of business in Arizona) and another LLC. That LLC has as its sole member another LLC, whose sole member is US INFRA SVCS TopCo, LLC. Defendants represented that TopCo

is an LLC "whose members are domiciled in Arizona, Connecticut, Delaware, and Wisconsin."

The general assertion that the members of TopCo are domiciled in various states is not sufficient. To meet its burden of establishing complete diversity, a litigant must "distinctly and affirmatively allege the citizenship of the parties." Smith v. Toyota Motor Corp., 978 F.3d 280, 282 (5th Cir. 2020) (cleaned up) (citation omitted). When LLCs are involved, the party invoking jurisdiction must "specifically allege the citizenship of every member of every LLC ... involved in [the] litigation." Id. (quoting Settlement Funding, LLC v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017)). I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist., 82 F.4th 402, 408–09 (5th Cir. 2023).

If the members of an LLC are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The removing defendants will need to specify the members of TopCo and allege each of their citizenship in accordance with applicable rules. The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 300 Fed. Appx.259 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational

layers" and in accordance with the rules that apply to the various forms of entities. <u>Mullins v. TestAmerica Inc.</u>, 564 F.3d 386, 397-98 (5th Cir. 2009). The <u>Mullins</u> opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient.

This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in other cases.

Defendants will be allowed until **July 30, 2025** to file an amended Diversity Jurisdiction Disclosure Statement that specifies the identity and citizenship of the members of TopCo. If any of those members are entities, their citizenship will have to be alleged in accordance with applicable rules and pursued through whatever additional layers there may be.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of July, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge